■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK FLORIO, Appellant. [747 NYS2d 365]

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. Evidence properly credited by the jury disproved defendant's justification defense beyond a reasonable doubt.

Since defendant's request to charge involved a different aspect of the justification defense than did the portion of the court's charge challenged on appeal, his request to charge, and his subsequent exception to the court's failure to charge as requested, did not preserve his current claims (*see People v Hoke*, 62 NY2d 1022; *see also People v Whalen*, 59 NY2d 273, 280), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the justification charge, read in context of the trial evidence, fairly explained the concept of "initial aggressor" under Penal Law § 35.15 (1) (b).

By failing to object, by making generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve his various claims of prosecutorial misconduct and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Savage*, 50 NY2d 673, *cert denied* 449 US 1016; *People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Saxe, Ellerin, Rubin and Friedman, JJ.